IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VINCENT BURCH, ) | |
| AIS # 00206379 ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00225-CG-N |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
|    Defendants. ) | |

## REPORT AND RECOMMENDATION

The Plaintiff, **VINCENT BURCH**, an Alabama prisoner incarcerated with the Alabama Department of Corrections who is proceeding without counsel (*pro se*), initiated this civil action by filing a complaint on June 8, 2022. *See* (Doc. 1); Fed. R. Civ. P. 3.[1] Burch also moved for leave to proceed without prepayment of fees and costs, or in forma pauperis (IFP), under 28 U.S.C. § 1915. (Doc. 2). The Court granted Burch IFP status and, as required by the Prison Litigation Reform Act of 1995, ordered him to pay an initial partial filing fee of $13.97 by July 15, 2022, based on the statutory formula in 28 U.S.C. § 1915(b). (*See* Doc. 3).

---

[1] The assigned District Judge referred Burch's complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (6/14/2022 electronic reference notation). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of civil suits filed by state prisoners under 42 U.S.C. § 1983, such as this one.

On or about June 18, 2022, Burch filed a "Motion for Another Time Extension" claiming that he had no money in his inmate account to pay the initial partial filing fee (Doc. 5). On November 29, 2022, the Court granted that motion by extending the deadline to pay the initial partial filing fee to December 20, 2022. (See Doc. 6, PageID.36). However, in accordance with the directive that ""in no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee[,]" 28 U.S.C. § 1915(b)(4), Burch was alternatively advised: "If the partial filing fee is unable to paid at the ordered time, Burch is **ORDERED** no later than December 20, 2022 to file a printout of his inmate account showing average monthly deposits and average monthly balances from May 31, 2022 to when he files the printout if he wants to proceed with this action." (Doc. 6, PageID.36). Burch was warned that, "[i]f neither the partial filing nor the ordered printout is filed by December 20, 2022, it will be recommended that this action be dismissed for failure to prosecute and to obey the Court's order." (*Id.*). A copy of that order was mailed to Burch at his last known address at ADOC's Staton Correctional Facility in Elmore, Alabama, and was not returned as undeliverable. A review of ADOC's online prisoner locator (http://www.doc.state.al.us/InmateInfo) indicates that Burch is still at Staton Correctional. To date, Burch has not paid the initial partial filing fee, filed a printout of his inmate account statement as directed, or moved for more time to comply with the Court's last order.

A federal district court is authorized to dismiss a case *sua sponte* for failure to

prosecute and/or to obey a court order under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). In the present case, Burch has failed to comply with the Court's order to pay the statutorily-required initial partial filing fee, to provide the Court with a prison account statement showing that he has insufficient funds to pay it, or to otherwise respond to the Court's prior order. Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this civil action be **DISMISSED without prejudice** for failure to prosecute and to obey a court order, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice, *see Link v. Wabash R. R.,* 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983), and that final judgment be set out accordingly by separate document under Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **1st** day of **February 2023**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**